IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:18 CR 671 |
| | ) | Title 18, Section 1956 (a)(1)(B)(i) and (h), United States Code |
| JENNIFER HARRISON, | ) | |
| Defendant. | ) | JUDGE ADAMS |

### COUNT 1
(Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(a)(1)(B)(i) and (h))

The Grand Jury charges:

### GENERAL ALLEGATIONS

1. During all times relevant to this Indictment, Defendant JENNIFER HARRISON resided in Solon, Ohio.

2. Co-Conspirator Number 1 (CC1) was an individual living in Maple Heights, Ohio.

3. HARRISON is the owner of Priority Property Services LLC, a business that operates as a general contractor handling home repairs, inspections, and maintenance.

4. From at least as early as May 2010 through January 31, 2014, the exact dates unknown, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant HARRISON, charged herein, CC1, not charged herein, and others known and unknown to the Grand Jury, did knowingly and intentionally conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds from a specified

unlawful activity, to wit: conspiracy to possess with intent to distribute and to distribute controlled substances, a felony under Title 21, United States Code, Section 846, knowing that the transaction involved the proceeds of the specified unlawful activity, and knowing that the transaction was designed in whole or in part to conceal the nature, location, source, ownership, or control of the proceeds of the said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## OBJECT OF THE CONSPIRACY

It was an object of the conspiracy:

5. To conceal and disguise the illegal source of funds that were generated by CC1's illegal drug trafficking activity.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

6. CC1 provided cash that represented the proceeds of drug trafficking activity to HARRISON to use for the purchase of real property.

7. HARRISON purchased real property in part using the cash provided by CC1.

8. CC1 provided cash to purchase building supplies, appliances and other items to improve the value of real property.

9. At times, HARRISON re-sold the real property that had been purchased and upgraded using the cash provided by CC1, and provided a portion of the proceeds to CC1.

10. At times, CC1 provided cash that represented the proceeds of drug trafficking activity to HARRISON. HARRISON deposited the cash into a bank account under the name Priority Property Services LLC. HARRISON then wrote a check to CC1, giving the false impression that HARRISON was paying CC1 for performing work at various properties.

## OVERT ACTS

11. In furtherance of the conspiracy, and to achieve the objects thereof, defendant HARRISON, and CC1 committed the following overt acts in the Northern District of Ohio, Eastern Division, and elsewhere:

Overt Acts Relating to Bancroft Avenue Property

    a. Between on or about April 26, 2010, and June 2, 2010, JENNIFER HARRISON made cash deposits into her Key Bank personal checking account number ending in **2387, totaling $11,000, using proceeds of CC1's drug trafficking enterprise.

    b. On or about May 28, 2010, HARRISON purchased Key Bank Official Check number 023789866 in the amount of $9,174.65 payable to ACCU Title Agency.

    c. On or about June 3, 2010, HARRISON purchased a home at **** Bancroft Avenue, Cleveland, Ohio, using Key Bank Official Check number 023789866 and other funds.

    d. On or about January 27, 2014, HARRISON executed a quit claim deed that transferred ownership of **** Bancroft Avenue, Cleveland, Ohio, to CC1. HARRISON knew that a portion of the money used to purchase the real estate came from the proceeds of CC1's drug trafficking enterprise.

Overt Acts Relating to Farmington Drive Property

    a. Between June 10, 2010, and September 17, 2010, HARRISON made cash deposits into her into Key Bank personal checking account number ending in **2387, totaling $48,340.00, using proceeds of CC1's drug trafficking enterprise.

    b. On or about September 16, 2010, HARRISON purchased Key Bank Official Check number 023995468 payable to Progressive Land Title Agency in the amount of $65,722.97.

c. On or about September 20, 2010, HARRISON purchased a residence at **** Farmington Drive, Garfield Heights, Ohio, using Key Bank Official Check number 023995468 and other funds.

d. On or about June 4, 2013, HARRISON sold the residence at **** Farmington Drive, Garfield Heights, Ohio, for $110,000.00. HARRISON knew that a portion of the money used to purchase the real estate came from the proceeds of CC1's drug trafficking enterprise.

e. On or about June 5, 2013, a wire transfer of $85,515.28 was deposited into Priority Property Services Key Bank account number ending in **4121, controlled by HARRISON.

f. On or about June 7, 2013, HARRISON wrote CC1 a check for $13,000.00.

g. On or about July 5, 2013, HARRISON wrote CC1 a check for $10,000.00.

h. On or about August 2, 2013, HARRISON wrote CC1 a check for $15,000.00.

Overt Acts Relating to Checks from Priority Property Services

a. On or about August 29, 2011, HARRISON wrote check number 1002, payable to CC1, from Priority Property Services Key Bank account number ending in **4121, for $6,000.00.

b. On or about December 20, 2011, HARRISON wrote check number 1010, payable to CC1, from Priority Property Services Key Bank account number ending in **4121, for $4,500.00.

4

c.      On or about March 14, 2012, HARRISON wrote check number 1022, payable to CC1, from Priority Property Services Key Bank account number ending in **4121, for $2,000.00.

d.      On or about March 19, 2012, HARRISON wrote check number 1025, payable to CC1, from Priority Property Services Key Bank account number ending in **4121, for $5,000.00.

e.      On or about April 6, 2012, HARRISON wrote check number 1033, payable to CC1, from Priority Property Services Key Bank account number ending in **4121, for $6,326.00. HARRISON wrote "Work Orders" on the memo line of the check.

f.      On or about May 1, 2012, HARRISON wrote check number 1042, payable to CC1, from Priority Property Services Key Bank account number ending in **4121, for $4,240.00. HARRISON wrote "Work Orders" on the memo line of the check.

g.      On or about May 18, 2012, HARRISON wrote check number 1050, payable to CC1, from Priority Property Services Key Bank account number ending in **4121, for $5,146.00. HARRISON wrote "Grass Cuts" on the memo line of the check.

h.      On or about May 30, 2012, HARRISON wrote check number 1052, payable to CC1, from Priority Property Services Key Bank account number ending in **4121, for $12,000.00.

i.      On or about October 25, 2012, HARRISON wrote check number 1084, payable to CC1, from Priority Property Services Key Bank account number ending in **4121, for $375.00. HARRISON wrote "Roof" on the memo line of the check.

j.      On or about February 25, 2013, HARRISON wrote check number 1110, payable to CC1, from Priority Property Services Key Bank account number ending in **4121, for $2,000.00.

k. On or about May 23, 2013, HARRISON wrote check number 1144, payable to CC1, from Priority Property Services Key Bank account number ending in **4121, for $7,000.00.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (h).

FORFEITURE

The Grand Jury further charges:

8. The allegations of Count one are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982. As a result of the foregoing offenses, Defendant JENNIFER HARRISON, shall forfeit to the United States any property, real or personal, involved in the commission of the said offense, or any property traceable to such property.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.