# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.: 1:18CR00671-001** |
| | : | |
| **Plaintiff,** | : | **JUDGE JOHN R. ADAMS** |
| | : | |
| **v.** | : | |
| | : | **DEFENDANT'S SENTENCING** |
| **JENNIFER HARRISON,** | : | **MEMORANDUM AND MOTION FOR** |
| | : | **A DOWNWARD VARIANCE** |
| **Defendant.** | : | |

Now comes the Defendant, Jennifer Harrison, by and through counsel, and hereby respectfully submits the attached Sentencing Memorandum, incorporated herein by reference, for this Court's consideration. Defendant respectfully asks this Court for a downward variance from the advisory range under the Sentencing Guidelines, and instead urges the imposition of a non-custodial sentence. The requested sentence is supported by the circumstances surrounding this case, the willingness of Defendant to accept responsibility, her genuine remorse for the offense conduct and other mitigating factors. The reasons and legal authority in support of the foregoing are addressed more fully in the accompanying Memorandum attached hereto.

Respectfully submitted,


*/s/ Michael J. Goldberg*
**MICHAEL J. GOLDBERG (0040839)**
**THE GOLDBERG LAW FIRM, LLC**
323 Lakeside Avenue, Suite 450
Cleveland, Ohio 44113
Tel: 216-696-4514
Fax: 216-781-6242
goldberg@goldberg-lawfirm.com
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Courts system.

*/s/ Michael J. Goldberg*_____
**MICHAEL J. GOLDBERG (0040839)**
*Attorney for Defendant*

**SENTENCING MEMORANDUM**

## I.  BACKGROUND

On or about November 9, 2018, Defendant, Jennifer Harrison (Ms. Harrison), was indicted on a single count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§ 1956(h) and (a)(1)(B)(i). Thereafter, on January 17, 2019, Ms. Harrison entered a plea of guilty to the one-count indictment. This Court accepted Ms. Harrison's guilty plea, found her guilty, scheduled sentencing for April 30, 2019 and referred the matter to the office of U.S. Pretrial Services & Probation (Probation) for preparation of a Presentence Investigation Report (PSIR). On March 8, 2019, Ms. Harrison accepted full responsibility for her actions and acknowledged the wrongfulness of her conduct. PSIR, Doc #15, PageID #76, ¶ 17. The offense conduct set forth in the PSIR accurately reflects Ms. Harrison's actions and is the basis of her guilty plea in this matter. PageID #74-75, ¶¶ 6–14.

## II.  LAW AND ARGUMENT

### A.  SUGGESTED GUIDELINE CALCULATION AS SET FORTH UNDER THE WRITTEN PLEA AGREEMENT AND THE PSIR.

Under the statutory scheme set forth under 18 U.S.C. § 1956(h) and (a)(1)(B)(i), with a Criminal History Category of I, Ms. Harrison's advisory sentencing guideline range is 18–24 months. The Guideline calculations, as set forth under both the Plea Agreement and PSIR, are stated as follows:

**Base Offense Level:** *USSG § 2S1.1(a)(2)*                 8

**Adjusted: Value of Laundered Funds:**                 +6

*USSG §2S1.1(a)(2) &§2B1.1(b)(1)(D)*

**Laundered funds were proceeds from drug trafficking:** *USSG §2S1.1(b)(1)*     +6

**Conviction under 18 U.S.C. § 1956:** *USSG §2S1.1(b)(2)(B)*                 +2

| | |
|---|---|
| **Mitigating Role:** *USSG §3B1.2(a)* | -4 |
| **Acceptance of Responsibility:** *USSG § 3E1.1(a)* | -2 |
| **Acceptance of Responsibility:** *USSG § 3E1.1(b)* | -1 |
| -- | |
| <u>Total Offense Level:</u> | <u>15</u> |

Although Ms. Harrison is not objecting to the calculation of the guideline range in this matter, she nevertheless submits that a downward variance to a non-custodial sentence is warranted given the specific circumstances and characteristics of this case and Defendant.

This Court is charged with imposing a reasonable sentence that is no greater than necessary to serve the purposes of sentencing. A sentence that does not include incarceration is capable of doing that in this case. Therefore, it is respectfully requested that this Court impose a non-custodial sentence.

### B. THE GUIDELINES ARE MERELY ADVISORY TO, NOT BINDING ON, THIS COURT'S ULTIMATE SENTENCING DETERMINATION.

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the Sentencing Guidelines are advisory, opposed to being mandatory and binding on a sentencing court. Notwithstanding, the *Booker* decision further stated that other factors set forth in 18 U.S.C. § 3553(a) must still be considered in fashioning the appropriate sentence of. *Id*. at 790 (finding sentencing guidelines are but one of many statutory concerns that federal courts must take into account during sentencing determination.). These factors, as set forth in 18 U.S.C. § 3553(a), include:

1. The nature and circumstances of the offense and the history and characteristics of the Defendant;

2. The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law; and to provide just punishment for the offense; (B) to afford

adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the Defendant; and (D) to provide the Defendant with needed education or vocational training; medical care or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The advisory guideline range;

5. Any pertinent policy statements issued by the Sentencing Commission;

6. The need to avoid unwarranted sentence disparities;

7. The need to provide restitution to any victims of the offense. *See Booker*, 125 S. Ct. at 764.

Following the Supreme Court's finding in *Booker*, district courts have held that fashioning a just sentence cannot be reduced to a mere arithmetical exercise [and that] reliance solely on numbers, quantities, offense levels, criminal history categories, and matrices produces an illusory precision that obscures the fact that sentencing, in the end, must involve the exercise of judgment. *United States v. Biheiri*, 356 F. Supp. 2d 589 (E. D. Va. 2005).

As stated in *Booker*, Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable. 125 S. Ct. at 766. The overriding principle and basic mandate of 18 U.S.C. § 3553(a) requires district courts to impose a sentence that is sufficient, but not greater than necessary, to achieve the four purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2), to-wit: (i) retribution; (ii) deterrence; (iii) incapacitation; and (iv) rehabilitation. *United States v. Phelps*, 366 F.Supp.2d 580, 587 (E.D. Tenn. 2005). The United States Supreme Court reemphasized the district court's discretion in fashioning a reasonable sentence. *See United States v. Gall*, 2007 WL 4292116 (Case No. 06-7949, December 10, 2007).

1. Argument for a downward variance from advisory Guideline range.

The PSIR (at ¶ 82) indicates that the probation officer has identified factors which may

5

support a downward variance in this case. Ms. Harrison submits the same reasoning and, based on the factors set forth in Section C below, respectfully requests this Court vary downward from the applicable Guideline range and to impose a non-custodial sentence. Ms. Harrison submits this requested sentence complies with the law, fairly reflects the seriousness of the offense, will promote respect for the law and will provide just punishment for the offense by requiring that she serve a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). A non-custodial sentence—under the specific circumstances of this case—would serve all of the above interests while still ensuring complete rehabilitation of Ms. Harrison, who committed this offense under unique circumstances that are very unlikely to ever reoccur.

### C.    OTHER RELEVANT SENTENCING CONSIDERATIONS SUPPORT MS. HARRISON'S REQUESTED DOWNWARD VARIANCE AND NON-CUSTODIAL SENTENCE.

1.  <u>History and Characteristics of the Defendant.</u>

The history and characteristics of Ms. Harrison also support the imposition of a non-custodial sentence in this matter. Ms. Harrison has no prior criminal history of any kind. She has lived a productive and law-abiding life prior to her actions in this matter.  She has built from the ground up a property preservation and management business, Priority Property Service, Inc.. For the last 10 years, Ms. Harrison has owned and operated this company which maintains distressed or foreclosed property behalf of lien holders. She also managed rental units and performs post-move out cleaning and repairs. Before becoming reunited with her boyfriend, CC1, she was doing extremely well and making a positive contribution to the community.  CC1, now known to be a significant drug trafficker, brought this activity into the relationship he had with Ms. Harrison.

6

In retrospect, it seems CC1 sought out Ms. Harrison due to her significant legitimate business operations. He purchased 2 homes with Ms. Harrison, one of which she thought she would live in with CC1 to begin a family. Sometime after acquiring these houses, Ms. Harrison became aware of the source CC1 funds. She attempted to return funds to CC1 and separate herself from him, but he would only accept funds tendered in the form of checks from her business. Ms. Harrison, without the benefit of legal counsel and to her profound regret, paid CC1 in this form.  While she knew what she was doing was a possible violation of law, she did not see any other way out.

However, it is important to emphasize that Ms. Harrison's role in the offense—insofar as she did not partake in any of the drug trafficking activity beyond the relevant offense conduct noted above—was that of a minimal participant. *See* PageID #77, ¶ 23. Ms. Harrison did not personally benefit from CC1's activity nor from the money laundering she pled guilty to.  With respect to the misconduct she has admitted committing, Ms. Harrison's intent is further mitigated, to some extent, by the way in which she was manipulated and misled by CC1. *See, e.g.*, PageID #76, ¶ 17. Ms. Harrison's naivety was callously exploited by someone in whom she placed a great deal of trust.  That being said, Ms. Harrison has still clearly demonstrated an understanding of her crime and acceptance of responsibility for the instant offense. PageID #77, ¶ 27. Additionally, and importantly, Ms. Harrison does not believe CC1's actions in any way excuse her own conduct. PageID #76, ¶ 17. Her acceptance of responsibility is unqualified. *Id.* She also has, at a relatively early stage in these proceedings, assisted in this prosecution of her misconduct in this case by meeting with the government repeatedly and entering a plea of guilty. PageID #77, ¶ 28.  Finally, as part of her plea agreement Ms. Harrison has agreed to make an initial payment toward restitution of $15,000.00 prior to sentencing, which she has done.

Ms. Harrison's background and upbringing also support a non-custodial sentence. She comes from a good, hardworking family. She, very unfortunately, dealt with tragedy early in her life. Most notably, both of her parents died during her childhood—her father from lung cancer when she was 6 years old; her mother when she was 14 years old. Ms. Harrison's older sister was granted guardianship of her and her other sister following her mother's passing. However, due to also having young children of her own, her old sister often struggled financially to provide for everyone. Ms. Harrison's brother eventually took custody of her and her sister around the time she was 15 years old. Without either of her parents to raise her, Ms. Harrison—notwithstanding the best efforts of her siblings—grew up with very little guidance.

Nevertheless, Ms. Harrison had a positive childhood—succeeding in academics and working at a young age for her brother's business. PageID #80, ¶ 47. This experience in part helped form Ms. Harrison's goal of owning her own business—a goal that was ultimately realized in 2002 when she started a property management company. After years of exerting great effort to build and grow a successful business, Ms. Harrison is devastated by the prospect of having thrown that all away because of her conduct in this matter. At the same time, Ms. Harrison remains eminently cognizant of the reality that actions have consequences; that criminal behavior warrants punishment.

Ms. Harrison feels genuine remorse for her actions. She realizes and appreciates the significance of her criminal activity. She understands the consequences of her actions and accepts the sentence she receives. While not diminishing the wrongfulness of the conduct here, it is submitted that, in view of the history and characteristics of Ms. Harrison and the mitigating factors set forth above, a non-custodial sentence is the most appropriate sentence in this case.

Ms. Harrison has fully accepted responsibility for her own conduct in a situation which

would have been easy for her to blame on someone else, yet, she did not.  This, taken together with her complete lack of prior criminal history, demonstrates that a non-custodial sentence is both sufficient, but not greater than necessary, punishment. It likewise tends to show the high likelihood of a non-custodial sentence successfully resulting in Ms. Harrison's full rehabilitation and her ultimately resuming the positive, law-abiding way in which she has lived the vast majority of her life.

Despite the setback of this matter, Ms. Harrison remains optimistic about her future. She brings a passionate commitment to positively moving forward from this low point is encouraging. Ms. Harrison is quite capable—as she has demonstrated throughout her life—of overcoming adversity and, as before, she is intent upon doing so as she moves forward from this matter. All things considered, Ms. Harrison presents this Court with a unique situation, in that Ms. Harrison markedly differs from a vast majority of other offenders that come before this and other District Courts. A noteworthy example of this distinction can be shown in the PSIR, Doc #12, PageID #67, ¶82, to-wit: the observation of even the probation officer that Ms. Harrison's case and relevant factors relative thereto ". . . may warrant a variance from the applicable sentence guideline range[] . . . ." *Id*. In reaching this conclusion, the probation officer specifically places emphasis on Ms. Harrisons (i) lack of criminal history and her adjustment to pretrial services supervision. *Id*. It is respectfully submitted and urged that this Court should follow this suggestion and, in so doing, impose a non-custodial sentence under any conditions the Court deems appropriate.

## III.  CONCLUSION

For the forgoing reasons, Defendant, Jennifer Harrison, respectfully asks this Court to impose a non-custodial sentence. A non-custodial sentence, in light of the substantial mitigating

factors set forth above, is in accordance with due consideration of all 18 U.S.C. § 3553 factors.

Respectfully submitted,

*/s/ Michael J. Goldberg*
**MICHAEL J. GOLDBERG (0040839)**
**THE GOLDBERG LAW FIRM, LLC**
323 Lakeside Avenue, Suite 450
Cleveland, Ohio 44113
Tel: 216-696-4514
Fax: 216-781-6242
goldberg@goldberg-lawfirm.com
*Attorney for Defendant*